US DIST... ★ APR 02 2012 ★
LONG ISLAND OFFICE
SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEJUMA CAMPBELL

Plaintiff,

-against-

BRENTWOOD UNION FREE SCHOOL DISTRICT, SONDERLINGS HIGH SCHOOL, WILLIE McNEIL,RAVEN McNEIL, JOHN MURPHY, *in his official and individual capacity*, RICHARD LOESCHNER, *in his official and individual capacity*, JEANETTE SUAREZ, *in her official and individual capacity* and DANIEL DANBUSKY, *in his official and individual capacity.*

Defendants.

Docket No.: CV-12 1582

**VERIFIED COMPLAINT**

WEXLER, J.

*Trial by Jury is Demanded*

LINDSAY, M

**PLAINTIFF, DEJUMA CAMPBELL,** by his attorneys, THE LAW OFFICES OF FREDERICK K. BREWINGTON, complaining of the above named Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil action, seeking injunctive relief, monetary relief, including past and ongoing economic loss, compensatory damages, punitive damages, disbursements, costs and fees brought under 42 U.S.C. §§ 1983 and the Fourteenth Amendment to the United States Constitution, and other State causes of action.

2. Specifically, the Plaintiff alleges that the Defendants wantonly, recklessly, knowingly and purposefully, acting individually and in conspiracy with each other, sought to deprive Plaintiff of his Constitutional right to bodily integrity by assaulting, battering, and failing to properly supervise students and visitors and to properly protect Plaintiff.

## JURISDICTIONAL AND VENUE ALLEGATIONS

3. Prior hereto and within the proper time allotted by statute, plaintiff filed a Notice of Claim in compliance with General Municipal Law Section 50 et seq. and CPLR 215, as against each municipal defendant. More than 30 days have elapsed and defendants have failed and refused to pay or adjust same.

4. This action is brought pursuant to 42 U.S.C. §1983 Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. § § 1331 and 1343 and 1344 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear and decide any and all claims arising under state law..

5. Venue is appropriate in the Eastern District of New York, as Plaintiff lives in the Eastern District and the entity defendants (SONDERLINGS HIGH SCHOOL AND BRENTWOOD UNION FREE SCHOOL DISTRICT) are also located within the Eastern District. Upon information and belief, Defendants MURPHY, LOESCHNER, DANBUSKY, SUAREZ, and MCNEIL also reside in the Eastern District. In addition, the situs of the incident giving rise to these claims occurred in the Eastern District of New York.

## PARTIES

6. DEJUMA CAMPBELL, the Plaintiff in the within matter, is a 19 year old African-American citizen of the United States and is a resident of the State of New York, County of Suffolk, residing at 274 Pulaski Road, Kings Park, New York 11754. At all times relevant to this complaint, DEJUMA CAMPBELL, was a student at SONDERLINGS HIGHSCHOOL, within the BRENTWOOD UNION FREE SCHOOL DISTRICT.

7. Defendant BRENTWOOD UNION SCHOOL DISTRICT is a school district

comprised of several schools, including SONDERLINGS HIGH SCHOOL, with a current address listed at 52 Third Avenue, Brentwood, New York 11717 and exists and operates by virtue of the laws of New York State is governed by the laws of the State of New York and the United States.

8. Defendant SONDERLINGS HIGH SCHOOL is a public high school, within the BRENTWOOD UNION FREE SCHOOL DISTRICT located within the Town of Islip, County of Suffolk and State of New York.

9. Defendant WILLIE McNEIL is the father of Defendant RAVEN McNEIL, who at all times relevant to this complaint was a student at SONDERLINGS HIGH SCHOOL

10. Defendant RAVEN McNEIL is a 17 year old female. At all times relevant to this complaint RAVEN McNEIL was a student at SONDERLINGS HIGH SCHOOL and is the daughter of Defendant WILLIE McNEIL.

11. Defendant JOHN MURPHY is/was the Assistant Principal at SONDERLINGS HIGH SCHOOL and is a state actor. Defendant had a duty of care to oversee the physical and mental safety, well-being and security of the students, including the Plaintiff, DEJUMA CAMPBELL and is being sued herein in his individual and official capacities. Upon information and belief Defendant MURPHY is/was a decision and policy maker at SONDERLINGS HIGH SCHOOL.

12. Defendant RICHARD LOESCHNER is/was the Principal at SONDERLINGS HIGH SCHOOL and is a state actor. Defendant had a duty of care to oversee the physical and mental safety, well-being and security of the students, including the Plaintiff, DEJUMA CAMPBELL and is being sued herein in his individual and official capacities. Upon information and belief Defendant LOESCHNER is/was a decision and policy maker at SONDERLINGS

HIGH SCHOOL.

13. Defendant JEANETTE SUAREZ is/was the Assistant Principal at SONDERLINGS HIGH SCHOOL and is a state actor. Defendant had a duty of care to oversee the physical and mental safety, well-being and security of the students, including the Plaintiff, DEJUMA CAMPBELL and is being sued herein in her individual and official capacities. Upon information and belief Defendant SUAREZ is/was a decision and policy maker at SONDERLINGS HIGH SCHOOL.

14. Defendant DANIEL DANBUSKY is/was the a teacher at SONDERLINGS HIGH SCHOOL and is a state actor. Defendant had a duty of care to oversee the physical and mental safety, well-being and security of the students, including the Plaintiff, DEJUMA CAMPBELL and is being sued herein in his individual and official capacities.

**FACTUAL ALLEGATIONS**

15. On or about March 30, 2011 at approximately 10:15 a.m., DEJUMA CAMPBELL [hereinafter DEJUMA or Plainitff], a student of the BRENTWOOD UNION FREE SCHOOL DISTRICT attending SONDELRINGS HIGH SCHOOL, was in the cafeteria of SONDERLINGS HIGH SCHOOL. DEJUMA CAMPBELL was then taken to the Discipline Office by school officials where he was questioned about an event that allegedly had taken place in the cafeteria, about which he was not the subject.

16. Following the questioning, while DEJUMA was standing at the front desk of the Discipline Office to receive a pass to go back to the cafeteria, DEJUMA was approached by Defendant RAVEN McNEIL (hereinafter "RAVEN") and her father, Defendant WILLIE McNEIL (hereinafter "Defendant McNEIL"). At all times, DEJUMA CAMPBELL was lawfully on school grounds, as a student of SONDERLINGS HIGH SCHOOL, under their protection and

supervision.

17. When Defendants RAVEN McNEIL and Defendant WILLIE McNEIL, approached DEJUMA, Defendant RAVEN pointed at DEJUMA. AsDEJUMA stepped out of the Discipline Office to return to the cafeteria, Defendant WILLIE McNEIL walked up to DEJUMA and interrogated him, while forcefully and in a threatening manner poking DEJUMA in the chest, saying "Why are you messing with my daughter? Where's her hat?"

18. DEJUMA did not know who Defendant WILLIE McNEIL was, and had never seen Defendant prior to this incident. Plaintiff DEJUMA took no action to provoke the aforesaid Defendant, did not speak to him, and did not instigate any sort of conflict, contact, or threat of harm.

19. Upon information and belief, Defendant WILLIE McNEIL had no authority, permission, or grant of approval to enter the school premises and therefore was not lawfully on school grounds.

20. Defendant WILLIE McNEIL has no authority, permission, or grant of approval to interact with Plaintiff DEJUMA.

21. As Defendant WILLIE McNEIL was poking Plaintiff DEJUMA and falsely accusing him of wrongful conduct, Plaintiff DEJUMA was in great fear tried to retreat to the Disciplinary Office. Defendant RAVEN, an approximately 6 foot, 200 pound female, then said to Plaintiff while blocking his path, "He can't hit you but I can." Defendant RAVEN then, with great force, punched Plaintiff DEJUMA in the right eye and slammed Plaintiff into the door of the Disciplinary Office.

22. While Plaintiff was against the door, Defendant WILLIE McNEIL then proceeded to use his hands to choke the Plaintiff and lifted Plaintiff off of the ground with his

hands still around Plaintiff's neck. Defendant WILLIE McNEIL then slammed Plaintiff DEJUMA against a glass display that housed trophies and ripped Plaintiff's shirt. Thereafter, Plaintiff DEJUMA was bleeding from his right shoulder. Plaintiff had also sustained injuries to his right eye, lower back, and neck as a result of the unprovoked physical actions of Defendant WILLIE McNEIL and RAVEN McNEIL.

23. After this violent attack, a Security Guard eventually came out while Defendants were assaulting and harassing Plaintiff.

24. When the Security Guard appeared and Defendant McNEIL finally let go of Plaintiff, Defendant DANIEL DANBUSKY (hereinafter "DANBUSKY"), an employee of Defendant DISTRICT and SONDERLINGS HIGH SCHOOL appeared and asked Plaintiff what had occurred and called Plaintiff's mother.

25. Some time after Plaintiff's mother was called, Plaintiff was seen by a nurse who cleaned the injury to his right shoulder.

26. Before Plaintiff's mother arrived, a Suffolk County Police Officer arrived at the School and asked Plaintiff to sign a blank Civilian Arrest Form. Plaintiff complied.

27. Approximately twenty minutes after Plaintiff's mother arrived, Defendant RICHARD LOESCHNER (hereinafter "LOESCHNER") apologized to Plaintiff and his mother stating that he wanted Defendant WILLIE McNEIL "arrested" and that Defendant did not have the authority to be lawfully on school grounds. Defendant LOESCHNER also took pictures of Plaintiff's shirt that had been violently ripped off by Defendant McNEIL

28. After the brutal assault of Plaintiff by Defendants RAVEN and McNEIL, Plainitff was compelled to seek further medical treatment at Good Samaritan Hospital in West Islip, New York where he was treated for injury to his back and shoulder as a direct result of Defendants

RAVEN and McNEIL's actions.

29. Upon information and belief, Defendants SONDERLINGS HIGH SCHOOL and BRENTWOOD UNION FREE SCHOOL DISTRICT knew that just two days prior to the incident and on several other occassions, Defendant RAVEN had been harassing Plaintiff, viciously battering him in the hallway, and calling him names, at SONDERLINGS HIGH SCHOOL.

30. Upon information and belief, Plaintiff's mother, Rushie Brown had visited the SONDERLINGS HIGH SCHOOL on several occasions in the month of March 2011 to raise her growing concerns about Defendant RAVEN.

31. Defendants were obligated to investigate and address RAVEN's violent actions with her parents, but Defendants failed to do so.

32. Plaintiff's mother met with Defendant's DANBUSKY, MURPHY, LOESCHNER, and SUAREZ on more than one occasion to discuss Defendants failure to protect Plaintiff from Defendant RAVEN, but Defendants took no corrective action or steps to protect Plaintiff thereby condoning the ongoing violent actions of Defendant RAVEN.

33. Upon information and belief, Defendants SONDERLINGS HIGH SCHOOL, BRENTWOOD UNION FREE SCHOOL DISTRICT, DANBUSKY, MURPHY, LOESCHNER, and SUAREZ failed to properly protect Plaintiff by failing to properly supervise the school grounds. Defendants, by failing to secure school grounds; failing to act promptly on the complaints and concerns of Plaintiff and his mother; failing to follow their own rules and failing to promptly communicate the entrance of an unauthorized person; failing to remove the unauthorized visitor; failing to question and/or screen Defendant McNEIL; failing to provide adequate security measures including placing adequate school personnel throughout the HIGH

SCHOOL; failing to provide a safe and secure environment for Plaintiff, and allowing Defendant McNEIL on school grounds without authority, permission, or grant of approval was in affect condoning the violent behavior of Defendant McNEIL.

34. Plaintiff DEJUMA CAMPBELL further suffered extreme emotional distress, psychological injuries, emotional trauma, and continued pain and suffering, including problems with vision in his right eye for a period of time following the attack and other harms and injuries not yet fully ascertained.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS LOESCHNER, MURPHY, DANBUSKY, and SUAREZ**
**42 U.S.C.§ 1983**

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "34" of the Complaint, inclusive, with the same full force and effect as if fully set forth herein.

36. At all times relevant to the claims in this matter, Defendants LOESCHNER, MURPHY, DANBUSKY, and SUAREZ were employees of SONDERLINGS HIGH SCHOOL, and BRENTWOOD UNION FREE SCHOOL DISTRICT. Defendants were state actors, and maintained as a result of that official status a special relationship with DEJUMA CAMPBELL.

37. Defendants LOESCHNER, MURPHY, DANBUSKY, and SUAREZ were required under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to provide reasonable safety and care of students in their control and custody, including but not limited to DEJUMA CAMPBELL.

38. At all time relevant to the claims in this case, DEJUMA CAMPBELL, was under the control, direction and care of Defendants LOESCHNER, MURPHY, DANBUSKY, and

SUAREZ. He required permission to leave the Discipline Office to return to the cafeteria and was granted same.

39. Defendants LOESCHNER, MURPHY, DANBUSKY, and SUAREZ failed to protect DEJUMA CAMPBELL, failed to provide reasonable safety and care to DEJUMA CAMPBELL, and failed to meet their responsibility to provide for the well being of DEJUMA CAMPBELL. The aforesaid Defendants failed to properly protect Plaintiff by failing to properly supervise the school grounds. Defendants, by failing to secure school grounds; failing to act promptly on the complaints and concerns of Plaintiff and his mother; failing to follow their own rules and failing to promptly communicate the entrance of an unauthorized person; failing to remove the unauthorized visitor; failing to question and/or screen Defendant McNEIL; failing to provide adequate security measures including placing adequate school personnel throughout the HIGH SCHOOL; failing to provide a safe and secure environment for Plaintiff, and allowing Defendant McNEIL on school grounds without authority, permission, or grant of approval was in affect condoning the violent behavior of Defendant McNEIL.

40. Plaintiff DEJUMA CAMPBELL, had a right to be free in his person from assault, battery and beating and had a constitutional right to bodily integrity. The duty of LOESCHNER, MURPHY, DANBUSKY, and SUAREZ , to secure and protect this right was clearly established.

41. Defendants failure to act secure, protect and provide these rights amounted to a deliberate indifference to the clearly established rights of DEJUMA CAMPBELL.

42. By their inaction and failures, Defendants failed to provide reasonable conditions of safety and bodily integrity that rose to the level of deliberate indifference for the harm and violations visited on DEJUMA CAMPBELL.

43. As a direct and proximate cause of the aforesaid defendants' inactions, failures and indifference for the rights of DEJUMA CAMPBELL, said Plaintiff did suffer serious physical and emotional injuries, psychological distress, pain and suffering. Plaintiff further suffered problems with his neck, back and shoulder, as a result of the aforesaid violent assault by Defendants WILLIE McNEIL and RAVEN McNEIL and the failure of Defendants LOESCHNER, MURPHY, DANBUSKY, and SUAREZ to provide for his constitutional and civil rights.

44. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney's fees and any other relief this Court may find just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
**AGAINST DEFENDANTS BRENTWOOD UNION FREE**
**SCHOOL DISTRICT, SONDERLINGS HIGH SCHOOL**
**42 U.S.C.§ 1983**
**MONELL**

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "44" of the Complaint, inclusive, with the same full force and effect as if fully set forth herein.

46. At all times relevant to the claims in this matter, SONDERLINGS HIGH SCHOOL, was a municipality under the direction and control of the BRENTWOOD UNION FREE SCHOOL DISTRICT and was a state actor, and maintained as a result of that official status a special relationship with DEJUMA CAMPBELL.

47. Defendants,BRENTWOOD UNION FREE SCHOOL DISTRICT and SONDERLINGS HIGH SCHOOL, and each of the individually named Defendants acting under

color of law, and through their employees, servants, agents and designees, have engaged in a course of action and behavior rising to the level of a policy, custom, and condoned practice which has deprived Plaintiff of rights, privileges and immunities secured by the Constitution and laws in violation of 42 U.S.C. §1983.

48. The BRENTWOOD UNION FREE SCHOOL DISTRICT and SONDERLINGS HIGH SCHOOL was required under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to provide reasonable safety and care of students in their control and custody, including but not limited to DEJUMA CAMPBELL.

49. At all time relevant to the claims in this case, DEJUMA CAMPBELL, was under the control, direction and care of Defendants SONDERLINGS HIGH SCHOOL and BRENTWOOD UNION FREE SCHOOL DISTRICT. He required permission to leave the Discipline Office to return to the cafeteria and was granted same.

50. Defendants SONDERLINGS HIGH SCHOOL and BRENTWOOD UNION FREE SCHOOL DISTRICT failed to follow their own policies and rules, failed to communicate the entrance of unauthorized visitors, and created a pattern of failing to protect students including Plaintiff DEJUMA CAMPBELL. Defendants failed to provide reasonable safety and care to DEJUMA CAMPBELL; failed to meet its responsibility to provide for the well being of DEJUMA CAMPBELL; failed to properly protect Plaintiff by failing to properly supervise the school grounds. Defendants, by failing to secure school grounds; failing to act promptly on the complaints and concerns of Plaintiff and his mother; failing to follow their own rules and failing to promptly communicate the entrance of an unauthorized person; failing to remove the unauthorized visitor; failing to question and/or screen Defendant McNEIL; failing to provide adequate security measures including placing adequate school personnel throughout the HIGH

SCHOOL; failing to provide a safe and secure environment for Plaintiff, and allowing Defendant McNEIL on school grounds without authority, permission, or grant of approval was in affect condoning the violent behavior of Defendant McNEIL.

51. Plaintiff DEJUMA CAMPBELL, had a right to be free in his person from assault, battery and beating and had a constitutional right to bodily integrity. The duty of SONDERLINGS HIGH SCHOOL, to secure and protect this right was clearly established.

52. Defendants pattern and failure to act secure, protect and provide these rights amounted to a deliberate indifference to the clearly established rights of DEJUMA CAMPBELL.

53. By their inaction and failures, Defendants failed to provide reasonable conditions of safety and bodily integrity that rose to the level of deliberate indifference for the harm and violations visited on DEJUMA CAMPBELL.

54. As a direct and proximate cause of the aforesaid defendants' inactions, failures and indifference for the rights of DEJUMA CAMPBELL, said Plaintiff did suffer serious physical and emotional injuries, psychological distress, pain and suffering. Plaintiff further suffered problems with his neck, back and shoulder, as a result of the aforesaid violent assault by Defendants WILLIE McNEIL and RAVEN McNEIL and the failure of Defendants BRENTWOOD UNION FREE SCHOOL DISTRICT, and SONDERLINGS HIGH SCHOOL to provide for his constitutional and civil rights.

55. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney's fees and any other relief this Court may find just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS BRENTWOOD UNION FREE SCHOOL DISTRICT, SONDERLINGS HIGH SCHOOL, LOESCHNER, MURPHY, DANBUSKY, and SUAREZ**

**NEGLIGENT SUPERVISION / FAILURE TO SUPERVISE**

56. Plaintiffs repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "55" of the Complaint, inclusive, with the same full force and effect as if fully set forth herein.

57. By requiring the infant plaintiff to attend school and remain on school grounds at SONDERLINGS HIGH SCHOOL during the time of the assault, defendants SONDERLINGS HIGH SCHOOL, BRENTWOOD UNION FREE SCHOOL DISTRICT, LOESCHNER, MURPHY, DANBUSKY, and SUAREZ had a special duty of care, to ensure the protection and safety of the Plaintiff /student, DEJUMA CAMPBELL, and to protect him from harm by Defendants RAVEN McNEIL and WILLIE McNEIL.

58. The Defendants, SONDERLINGS HIGH SCHOOL, BRENTWOOD UNION FREE SCHOOL DISTRICT, LOESCHNER, MURPHY, DANBUSKY, and SUAREZ, were negligent, careless and / or reckless, in failing to properly supervise their students and the visitors to the Defendant SCHOOL. Said negligence /recklessness thus provided the opportunity / "opening" for the defendant / assailant, Defendant McNEIL and Defendant RAVEN McNEIL to loiter within the SCHOOL and ultimately and foreseeably attack plaintiff, DEJUMA CAMPBELL.

59. Defendants SONDERLINGS HIGH SCHOOL, BRENTWOOD UNION FREE SCHOOL DISTRICT, LOESCHNER, MURPHY, DANBUSKY, and SUAREZ further breached their duty of care to the plaintiff, DEJUMA CAMPBELL, by failing to provide proper and sufficient security measures throughout SONDERLINGS HIGH SCHOOL, and by failing to

place security and / or teachers in a location near the cafeteria, or other such places where students would be most vulnerable to a foreseeable attack, violent assault, or harassment.

60. SONDERLINGS HIGH SCHOOL, BRENTWOOD UNION FREE SCHOOL DISTRICT, LOESCHNER, MURPHY, DANBUSKY, and SUAREZ knew of Defendant RAVEN's violent behavior and it was foreseeable that she would continue to attack Plaintiff. Defendants failed to take any action to prevent the unwarranted attacks on Plaintiff and failed to contact RAVEN's parents.

61. Defendants SONDERLINGS HIGH SCHOOL and BRENTWOOD UNION FREE SCHOOL DISTRICT created a dangerous condition of property, by permitting the Defendant, WILLIE McNEIL to enter school premises without authority, permission, or grant of power and/or screening and by failing to take any steps to prevent such attacks against students.

62. As a result of the aforesaid defendants' breach of security and negligent failure to supervise students and visitors, the Plaintiff, DEJUMA CAMPBELL, suffered serious physical and emotional injuries, psychological distress, pain and suffering, and permanent injuries. Plaintiff further suffered problems with his back, neck, and shoulder as a result of the aforesaid violent assault by Defendants RAVEN McNEIL and WILLIE McNEIL.

63. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney's fees and any other relief this Court may find just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS BRENTWOOD UNION FREE SCHOOL DISTRICT, SONDERLINGS HIGH SCHOOL, LOESCHNER, MURPHY, DANBUSKY, and SUAREZ**
**NEGLIGENCE/GROSS NEGLIGENCE :**

64. Plaintiffs repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "63" of the Complaint, inclusive, with the same full force and effect as if fully set forth herein.

65. By requiring the Plaintiff to attend school and remain on school grounds at SONDERLINGS HIGH SCHOOL during the time of the assault, defendants Defendants SONDERLINGS HIGH SCHOOL, BRENTWOOD UNION FREE SCHOOL DISTRICT, LOESCHNER, MURPHY, DANBUSKY, and SUAREZ had a special duty of care, to ensure the protection and safety of the Plaintiff /student, DEJUMA CAMPBELL, and to protect him from foreseeable harm by others.

66. The defendants, Defendants SONDERLINGS HIGH SCHOOL, BRENTWOOD UNION FREE SCHOOL DISTRICT, LOESCHNER, MURPHY, DANBUSKY, and SUAREZ , with reckless and negligent disregard for Plaintiff, failed to properly supervise their students and guests, and thus provided the opportunity / "opening" for the Defendants / assailants, WILLIE McNEIL and RAVEN McNEIL to loiter within the hallway and ultimately attack Plaintiff.

67. Defendants SONDERLINGS HIGH SCHOOL, BRENTWOOD UNION FREE SCHOOL DISTRICT, LOESCHNER, MURPHY, DANBUSKY, and SUAREZ further breached their duty of care to the infant plaintiff, DEJUMA CAMPBELL, by recklessly failing to provide proper and sufficient security measures throughout SONDERLINGS HIGH SCHOOL, and by failing to place security and / or teachers in a location near the cafeteria, or other such places where students would be most vulnerable to a foreseeable attack, violent

assault, or harassment.

68. Defendants SONDERLINGS HIGH SCHOOL, BRENTWOOD UNION FREE SCHOOL DISTRICT, LOESCHNER, MURPHY, DANBUSKY, and SUAREZ, created a dangerous condition of property, by permitting an unknown individual whom the school knew and/or should have known had violent propensities towards students, including Plaintiff herein.

69. Defendants SONDERLINGS HIGH SCHOOL, BRENTWOOD UNION FREE SCHOOL DISTRICT, LOESCHNER, MURPHY, DANBUSKY, and SUAREZ, created a dangerous condition of property, by failing to take corrective action or discipline against RAVEN McNEIL whom the school knew and/or should have known had violent propensities towards students, including Plaintiff herein.

70. Defendants failed to provide reasonable safety and care to DEJUMA CAMPBELL; failed to meet its responsibility to provide for the well being of DEJUMA CAMPBELL; failed to properly protect Plaintiff by failing to properly supervise the school grounds. Defendants, by failing to secure school grounds; failing to act promptly on the complaints and concerns of Plaintiff and his mother; failing to follow their own rules and failing to promptly communicate the entrance of an unauthorized person; failing to remove the unauthorized visitor; failing to question and/or screen Defendant McNEIL; failing to provide adequate security measures including placing adequate school personnel throughout the HIGH SCHOOL; failing to provide a safe and secure environment for Plaintiff, and allowing Defendant McNEIL on school grounds without authority, permission, or grant of approval was in affect condoning the violent behavior of Defendant McNEIL.

71. The Defendants SONDERLINGS HIGH SCHOOL, BRENTWOOD UNION FREE SCHOOL DISTRICT, LOESCHNER, MURPHY, DANBUSKY, and SUAREZ, had a

duty of care to Plaintiff DEJUMA and could reasonably foresee that their breach of that duty to protect the Plaintiff would result in harm to him.

72. As a direct and proximate cause of the aforesaid Defendants' breach of their duty of care to DEJUMA CAMPBELL, said Plaintiff did suffer serious physical and emotional injuries, psychological distress, pain and suffering, and permanent injuries. Plaintiff further suffered problems with his back, neck, and shoulder as a result of the aforesaid violent assault by Defendants RAVEN McNEIL and WILLIE McNEIL.

73. As a result of the above negligence and the consequent harm suffered by plaintiff DEJUMA CAMPBELL, plaintiff seeks compensatory damages in the amount of $5,000,000.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS BRENTWOOD UNION FREE SCHOOL DISTRICT, SONDERLINGS HIGH SCHOOL, LOESCHNER, MURPHY, DANBUSKY, SUAREZ, WILLIE McNEIL, and RAVEN McNEIL**
**<u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>**

74. Plaintiffs repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "73" of the Complaint, inclusive, with the same full force and effect as if fully set forth herein.

75. The defendants SONDERLINGS HIGH SCHOOL, BRENTWOOD UNION FREE SCHOOL DISTRICT, LOESCHNER, MURPHY, DANBUSKY, and SUAREZ, should have known that their conduct of (i) failing to protect the Plaintiff from an attack, (ii)taking no measures to protect DEJUMA CAMPBELL from further attacks, and (iii) failing to take corrective action or discipline against RAVEN McNEIL, constituted extreme and outrageous conduct, beyond the bounds of decency within a civilized society.

76. Defendants RAVEN McNEIL, and WILLIE McNEIL should have know that their violent and brutal conduct constituted extreme and outrageous conduct, beyond the bounds of

decency within a civilized society.

77. The defendants SONDERLINGS HIGH SCHOOL, BRENTWOOD UNION FREE SCHOOL DISTRICT, LOESCHNER, MURPHY, DANBUSKY, SUAREZ, RAVEN, and McNEIL knew or should have known that their conduct would cause extreme emotional distress to plaintiff, DEJUMA CAMPBELL. Yet, defendants continued with their course of conduct, and failed to remedy the extreme emotional distress that they knew and / or should have known was being visited upon the Plaintiff, DEJUMA CAMPBELL.

78. As a result of the aforesaid outrageous conduct by the defendants, the plaintiff, DEJUMA CAMPBELL each individually and collectively suffered extreme emotional distress, psychological injuries, and physical symptoms, pain and suffering, resulting from the emotional distress that they endured at the hands of the defendants, SONDERLINGS HIGH SCHOOL, BRENTWOOD UNION FREE SCHOOL DISTRICT, LOESCHNER, MURPHY, DANBUSKY, SUAREZ, RAVEN, and McNEIL.

79. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney's fees and any other relief this Court may find just and proper.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**AGAINST DEFENDANTS BRENTWOOD UNION FREE**
**SCHOOL DISTRICT, SONDERLINGS HIGH SCHOOL, LOESCHNER,**
**MURPHY, DANBUSKY, SUAREZ, WILLIE McNEIL, and RAVEN McNEIL**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "79" of the Complaint, inclusive, with the same full force and effect as if fully set forth herein.

81. The DEFENDANTS SONDERLINGS HIGH SCHOOL, BRENTWOOD UNION FREE SCHOOL DISTRICT, LOESCHNER, MURPHY, DANBUSKY, SUAREZ, acted outrageously by Defendants failing to provide reasonable safety and care to DEJUMA CAMPBELL; failed to meet its responsibility to provide for the well being of DEJUMA CAMPBELL; failed to properly protect Plaintiff by failing to properly supervise the school grounds. Defendants, by failing to secure school grounds; failing to act promptly on the complaints and concerns of Plaintiff and his mother; failing to follow their own rules and failing to promptly communicate the entrance of an unauthorized person; failing to remove the unauthorized visitor; failing to question and/or screen Defendant McNEIL; failing to provide adequate security measures including placing adequate school personnel throughout the HIGH SCHOOL; failing to provide a safe and secure environment for Plaintiff, and allowing Defendant McNEIL on school grounds without authority, permission, or grant of approval was in affect condoning the violent behavior of Defendant McNEIL.

82. Defendants RAVEN and McNEIL acted outrageously by brutally beating, assaulting, and harassing Plaintiff DEJUMA.

83. The Defendants knew that their conduct would cause severe and extreme emotional harm to Plaintiff DEJUMA.

84. Said harm did in fact occur in this case, in that the Plaintiff DEJUMA suffered and continues to suffer extreme emotional distress, psychological injuries, emotional trauma, and continued pain and suffering, including problems with vision in his right eye for a period of time following the attack and other harms and injuries not yet fully ascertained.

85. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00)

DOLLARS, as well as punitive damages, costs and attorney's fees and any other relief this Court may find just and proper.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**AGAINST DEFENDANTS WILLIE MCNEIL and RAVEN McNEIL**
**ASSAULT and BATTERY**

86. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "85" of the Complaint, inclusive, with the same full force and effect as if fully set forth herein.

87. The Defendants WILLIE McNEIL and RAVEN McNEIL visited unwanted, offensive and harmful physical contact upon the Plaintiff, with the intention of causing harm to DEJUMA CAMPBELL.

88. Defendant WILLIE McNEIL, did cause physical injuries and harm to Plaintiff DEJUMA CAMPBELL, by punching and hitting him, grabbing him, choking him knocking him to the floor, and otherwise assaulting him with his hands.

89. Defendant RAVEN McNEIL, did cause physical injuries and harm to Plaintiff DEJUMA CAMPBELL, by punching and hitting him, grabbing him, and slamming him against a door.

90. The Plaintiff DEJUMA CAMPBELL, did not in any way provoke or instigate such attacks, and did not create any threat of harm to the Defendants WILLIE McNEIL and RAVEN McNEIL Thus, Defendants were not acting in self defense when attacked the Plaintiff.

91. As a direct and proximate cause of the aforesaid Defendants' assault and battery of DEJUMA CAMPBELL, said Plaintiff did suffer serious physical and emotional injuries, psychological distress, and pain and suffering. Plaintiff further suffered problems with his back, neck, and shoulder as a result of the aforesaid violent assault by Defendants RAVEN McNEIL

and WILLIE McNEIL.

92. As a result of the above assault and battery suffered by Plaintiff DEJUMA CAMPBELL, plaintiff seeks compensatory damages in the amount of $5,000,000.

**WHEREFORE,** Plaintiff DEJUMA CAMPBELL, demand judgment against defendants BRENTWOOD UNION FREE SCHOOL DISTRICT, SONDERLINGS HIGH SCHOOL, P.O. WILLIE McNEIL and NEW YORK CITY POLICE DEPARTMENT, as follows:

(I) $5,000,000 for plaintiffs' first cause of action against the defendants, jointly and severally, with costs and disbursements of this action,

(ii) $5,000,000 for plaintiffs' second cause of action against the defendants, jointly and severally, with costs and disbursements of this action,

(iii) $5,000,000 for plaintiffs' third cause of action against the defendants, jointly and severally, with costs and disbursements of this action,

(iv) $5,000,000 for plaintiffs' fourth cause of action against the defendants, jointly and severally, with costs and disbursements of this action, and

(v) $5,000,000 for plaintiffs' fifth cause of action against the defendants, jointly and severally, with costs and disbursements of this action, and

(vi) $5,000,000 for plaintiffs' sixth cause of action against the defendants, jointly and severally, with costs and disbursements of this action, and

(vii) $5,000,000 for plaintiffs' seventh cause of action against the defendants, jointly and severally, with costs and disbursements of this action, and

(viii) Injunctive relief, requiring defendants to correct all past violation of federal and state law as alleged herein, and such other and further relief as to this court may seem just and fair including but not limited to attorneys fees, punitive damages, costs and disbursements and any other awards as may be offered the court and a reasonable jury.

***Plaintiff further demands a trial by jury in the within action***

Dated: Hempstead, New York
March 30, 2012

Respectfully submitted,

LAW OFFICES OF
FREDERICK K. BREWINGTON

By: ______________________
FREDERICK K. BREWINGTON(FB5295)
*Attorneys for the Plaintiff*
556 Peninsula Blvd
Hempstead, New York 11550
(516) 489-6959

**Docket No:**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------X

DEJUMA CAMPBELL

Plaintiff,

-against-

BRENTWOOD UNION FREE SCHOOL DISTRICT,
SONDERLINGS HIGH SCHOOL,
WILLIE McNEIL,RAVEN McNEIL, JOHN MURPHY,
*in his official and individual capacity*, RICHARD LOESCHNER,
*in his official and individual capacity*, JEANETTE SUAREZ,
*in her official and individual capacity* and DANIEL DANBUSKY,
*in his official and individual capacity*.

-------------------------------------------X

**SUMMONS AND COMPLAINT**

-------------------------------------------

The Law Offices of
Frederick K. Brewington
556 Peninsula Boulevard
Hempstead, New York 11550
(516) 489-6959